IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | CR 95-113 |
| VS. | ) | CV 09-226 |
| | ) | |
| JERMAINE DAMON JONES | ) | |

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this criminal action, Defendant was convicted by a jury for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 924(c)(1). He was sentenced on January 10, 1997. On December 1, 1997, the United States Court of Appeals for the Third Circuit affirmed the conviction and sentence. This Motion followed, on February 23, 2009.

For the following reasons, the Motion will be denied as time-barred.

### OPINION

### I. STANDARD OF REVIEW

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402, 2004 U.S. App. Lexis 5692, at *4 (3d Cir. 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which

inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

Section 2255 imposes a one-year limitation period, which runs from the date on which the judgment of conviction becomes final. Relevant here, a judgment of conviction becomes final when the time for seeking certiorari review expires. Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). A petition for certiorari must be filed within ninety days of the entry of the judgment. In this case, The United States Court of Appeals for the Third Circuit affirmed the judgment of conviction and sentence on December 1, 1997. The Defendant filed the present Motion on February 23, 2009, well in excess of the one-year limitations period.

Defendant explains the tardy filing by asserting that he was deprived of his legal property during his transportation to Maryland State custody, in 1997. There is no explanation for the passage of years in the interim. This proffer is insufficient to toll the limitations period. Cf. Jones v. Morton, 195 F.3d 153 (3d

Cir. 1999) (discussing requirements for equitable and statutory tolling).

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

In sum, after careful consideration, I conclude that Defendant's Motion is time-barred. In addition, no certificate of appealability shall issue. An appropriate Order follows.

## ORDER

AND NOW, this 16th day of April, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion Under 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court